IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00138-MR

| | | |
|---|---|---|
| BRIAN A. REAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU STEVNE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [See Doc. 9].

**I. BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. Plaintiff names as the sole Defendant Mr. Stevne, a case manager at Alexander C.I.

Plaintiff alleges that Defendant was assigned as Plaintiff's case manager when Plaintiff arrived at Alexander C.I. in 2018. Defendant told Plaintiff that he had researched Plaintiff's criminal case and "leaked" the identity of the lawyer who was appointed to represent Plaintiff, which Defendant should not have known. [Doc. 1 at 5]. The next day, Plaintiff's

outgoing legal mail was returned to him opened and marked "return to sender." [Id.]. Plaintiff did not know how this happened and he re-mailed the item the next day. This time, the legal mail was not returned.

Plaintiff received a lot of legal mail in response to a request for information.[1] "They" informed Plaintiff that his mail had just been received and, because Plaintiff did not respond promptly, they thought that he did not want legal assistance on his conviction.[2] [Id.]. Plaintiff "wrote the office back" stating that Defendant knew a lot about his case and "the Court made a notice of this and let [Plaintiff] know [he] need[ed] to watch [his] legal mail outgoing and incoming and also make a complaint against [his] case manager for violat[ing] … policy and interfer[ing] with prisoner legal rights…."[3] [Id.].

Plaintiff describes an occasion when Defendant allegedly approached Plaintiff at the chow hall and asked whether Plaintiff was writing legal mail to the clerk of court in Wilmington. Plaintiff said yes and told Defendant that he has a right to access the courts and challenge his case. Plaintiff asked how

---

[1] Plaintiff does not describe the request for information, the request's timing, or its recipient.

[2] Plaintiff does not identify from whom he received a response, the proceedings in which he was offered legal assistance, or whether the offered assistance came to fruition.

[3] Plaintiff does not identify the "office" or "court" to which he refers.

Defendant knew about the mail he sent to the Wilmington clerk of court. Defendant responded that he had spoken to the DA about Plaintiff's case, and that the DA said Plaintiff should stop writing to the Wilmington clerk of court because he is not getting out of prison. Plaintiff appears to allege that he then sent out a number of pieces of outgoing legal mail.

Plaintiff alleges that his incoming legal mail stopped after about a year.[4] Plaintiff learned from a jailhouse lawyer that Defendant had violated the legal mail rights of another inmate for whom Defendant served as case manager. Plaintiff alleges that he asked mailroom employees why Defendant was being allowed to interfere with his legal mail without consent. The mailroom employees responded that they thought Plaintiff knew that Defendant was handling his incoming and outgoing legal mail. Plaintiff further appears to allege that Defendant gave Plaintiff's mother false information about parole. Plaintiff alleges that he went through the chain of command to have Defendant removed as his case manager, but that these efforts were unsuccessful.

Plaintiff further alleges that a night shift correctional officer named Johnson threw away all of Plaintiff's property, including legal books and documents on one occasion. Plaintiff appears to allege that this somehow

---

[4] Plaintiff does not explain the date from which he counts the one-year period.

prompted the public defender's office to withdraw from his case. [See Doc. 1 at 8].

Plaintiff appears to seek a declaratory judgment, injunctive relief, review of his criminal case by a new judge, compensatory and punitive damages, the costs of this action, and any additional relief the Court deems just, proper, and equitable.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As a preliminary matter, it appears that Plaintiff is attempting to assert a claim for the destruction of personal and legal property against a correctional officer who has not been named as a Defendant. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Plaintiff's claim against this non-party is a nullity and it will be dismissed without prejudice.

Plaintiff's claims against Defendant Stevne will be addressed in turn.

The First Amendment, as incorporated through the Fourteenth Amendment, prohibits states from "abridging the freedom of speech." U.S. Const. Amend. I. This proscription "extends to both government regulations

5

that directly burden speech and those that have indirect chilling effects." Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020). As a general matter, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff's claim that Defendant Stevne interfered with his right to send and receive mail is not frivolous on its face and appears to be timely. Therefore, this claim will be permitted to pass initial review.

The First Amendment right to free speech also includes "the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)).

6

Plaintiff alludes to retaliation in the Complaint,[5] but he fails to state a plausible claim. Plaintiff does not clearly identify the adverse action that Defendant Stevne allegedly took against him for exercising his First Amendment rights, or the existence of a causal relationship between the adverse action and Plaintiff's First Amendment activity. Therefore, Plaintiff's retaliation claim will be dismissed without prejudice for failure to state a claim.

Inmates have a constitutional right to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" which a state may not abridge or impair. Bounds v. Smith, 430 U.S. 817, 821 (1977); see Hudspeth, 584 F.2d at 1347. To make out a claim for denial of access to the courts, the inmate cannot rely on conclusory allegations; rather, he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). The injury requirement is not satisfied by just any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded. See Lewis v. Casey, 518 U.S. 343, 353 (1996). "Impairment of any *other* litigating capacity is

---

[5] He states *verbatim*: "Prisoners have a protection that employee is not to use Retaliation which become a First Amendment violation. This Defendant was personally involved in the alleged wrongful action of communication and conversation with a D.A. on the behalf of legal matters within my criminal charges which I seek relief of my conviction." [Doc. 1 at 4].

simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Casey, 518 U.S. at 355.

Plaintiff alleges that Defendant Stevne denied him the right to access the courts so that he could "seek relief of [his] conviction." [Doc. 1 at 4]. This allegation fails to identify a nonfrivolous post-conviction or civil rights legal claim that has been frustrated or impeded. Plaintiff's allegations are too vague and conclusory to set forth a plausible claim for violating Plaintiff's right to access the courts, and that claim therefore will be dismissed without prejudice.

Finally, Plaintiff appears to seek judicial review of his criminal conviction and/or sentence. Federal law opens two main avenues of relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and a civil rights complaint under § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Id.

Because Plaintiff's request for judicial review in his criminal case appears to be a challenge his confinement, that claim is not cognizable in

this civil rights action. A blank § 2254 petition form will be provided to Plaintiff so that he may pursue habeas corpus relief, if he desires to do so.[6]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's claim that Defendant Stevne interfered with his right to send and receive mail survives initial review, and that the remaining claims should be dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Stevne, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that Plaintiff's claim against Defendant Stevne for interfering with Plaintiff's mail survives initial review. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[6] The Court expresses no opinion about the merit, timeliness, or procedural viability of such an action.

The Clerk of Court is directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Stevne, who is alleged to be a current or former employee of NCDPS. The Clerk of Court is further directed to mail Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW, and a blank § 2254 petition form.

**IT IS SO ORDERED.**

Signed: September 1, 2020

Martin Reidinger
Chief United States District Judge