IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00138-MR

| | |
|---|---|
| **BRIAN A. REAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **PAUL S. STEVENS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte* regarding Defendant's filing of a Motion to Dismiss [Doc. 25]. Also pending is Defendant's Motion to Deem Timely Filed Defendant's Motion to Dismiss [Doc. 27].

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he has a right to respond to Defendant's motion.[1] The Court also advises Plaintiff that failure to respond may result in Defendant being granted the relief Defendant seeks.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro, 528 F.2d at 310 ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that *pro se* plaintiffs must be advised that their failure to file responsive material when a defendant moves for

Defendant has also filed a Motion asking the Court to deem the Motion to Dismiss as timely filed although it was filed one day late due to an administrative calendaring error by counsel's office. [Doc. 27]. Defendant submits that Plaintiff will not be prejudiced by the one-day delay and that the delay was not the fault of the individual Defendant. Defendant's Motion will be granted for good cause due to counsel's excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B).

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall respond to the pending Motion to Dismiss, [Doc. 25], within **thirty (30) days** of entry of this Order. Failure to file a timely response will likely lead to the granting of relief that Defendant seeks.

**IT IS FURTHER ORDERED** that Defendant's Motion to Deem Timely Filed Defendant's Motion to Dismiss [Doc. 27] is **GRANTED**.

**IT IS SO ORDERED.**

Signed: March 29, 2021

Martin Reidinger
Chief United States District Judge

---

summary judgment may well result in entry of summary judgment against them."), *abrogated on other grounds by* Wilkins v. Gaddy, 559 U.S. 34 (2010). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.