# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00138-MR

| | |
|---|---|
| BRIAN A. REAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| PAUL S. STEVENS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss [Doc. 25] and on the Plaintiff's *pro se* Letter that was docketed as a Motion to Dismiss [Doc. 31].

**I.   BACKGROUND**

The Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was incarcerated at the Alexander Correctional Institution.[1]  [Doc. 1]. The Complaint passed initial review against Defendant Paul S. Stevens,[2] a case

---

[1] The Plaintiff is currently incarcerated at the Mountain View Correctional Institution.

[2] "Mr. Stevne" in the Complaint.

manager at Alexander C.I., for interfering with the Plaintiff's right to send and receive mail. [Doc. 10].

The Defendant has now filed a Motion to Dismiss. [Doc. 25]. The Court notified the Plaintiff of the opportunity to respond to Defendants' Motion and cautioned him that the failure to do so may result in the Defendants being granted the relief that they seek by way of the Motion to Dismiss. [Doc. 29]. The Plaintiff filed a Response opposing the Defendant's Motion to Dismiss. [Doc. 30]. However, the Plaintiff subsequently filed two letters stating that he would like to "dismiss this case" because the same issue is being addressed in another case in Raleigh. [Doc. 31; see also Doc. 32] (Letter from the Plaintiff stating "Please please dismiss that case on Mr. Stevne."). This matter is ripe for adjudication.

## II.  DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. PLRA's exhaustion requirement applies to all inmate suits

2

about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The exhaustion of administrative remedies must occur before a civil action is commenced. Porter, 534 U.S. at 516. A prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action. Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

NCDPS has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP"). N.C. Gen. Stat. § 148-11A; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); see Fed. R. Civ. P. 201 (addressing judicial notice). Under the ARP, an inmate must submit a grievance at step one and then may appeal an unfavorable decision from step one at steps two and three. Id. A decision at step three of the ARP exhausts the prisoner's remedies under the PLRA.

3

In the Complaint, the Plaintiff alleges that he filed a grievance concerning his claim for § 1983 relief. [Doc. 1 at 9]. The Defendant has now filed the nine grievances that the Plaintiff fully exhausted between the dates when the mail interference allegedly began, and the date the Complaint was filed in this case.[3] [Doc. 26-1]. The exhausted grievances do not address any alleged interference with the Plaintiff's mail.

In his Response, the Plaintiff reiterates his allegations that the Defendant interfered with his mail, makes a variety of other allegations, and argues that he is not lying about Defendant Stevens' actions. [Doc. 30]. With regards to exhaustion, the Plaintiff states that he "put a grievances [sic] in on Mr. Stevne…." [Doc. 30 at 4]. The Plaintiff does not dispute the authenticity of the grievance documents, nor has he demonstrated that the ARP was unavailable.

The Plaintiff failed to properly exhaust the available administrative remedies, and therefore, the Defendant's Motion to Dismiss is granted and this case will be closed.

---

[3] In ruling on a motion to dismiss, a district court may consider documents attached to the complaint or the motion to dismiss without converting the motion to dismiss into a motion for summary judgment "so long as [the documents] are integral to the complaint and authentic." Philips v. Pitt County Mem. Hosp., 572 F.3d176, 180 (4th Cir. 2009). Counsel for the Defendant certifies that the grievance documents in support of the Motion to Dismiss are accurate copies of the original documents and records that are kept by NCDPS in the regular course of business. [Doc. 26-1 at 1-4].

4

The Plaintiff's Letters, to the extent that they seek to voluntarily dismiss this action, are denied as moot because the Plaintiff's failure to exhaust his administrative remedies warrants dismissal of this action without prejudice.

## III. CONCLUSION

For the reasons stated herein, the Court will grant Defendant's Motion to Dismiss, deny the Plaintiff's Motion to Dismiss as moot, and this case will be closed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss [Doc. 25] is **GRANTED**, and this action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's Letters [Docs. 31, 32] are construed as motions seeking voluntary dismissal and are **DENIED AS MOOT**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: May 24, 2021

Martin Reidinger
Chief United States District Judge